IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DEBORAH SUE SPICER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 03-6377-TC |
| ) | |
| v. ) | ORDER |
| ) | |
| CASCADE HEALTHCARE ) | |
| COMMUNITY, INC, an Oregon ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

COFFIN, Magistrate Judge.

Presently before the court is plaintiff's motion (#190) for judgment as a matter of law, notwithstanding the verdict, and for a new trial.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 50:

If during a trial by jury a party has been fully heard on an issue and there is no legally

1 - ORDER

sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
. . .
If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . In ruling on a renewed motion, the court may:
. . .

    (A)    allow the judgment to stand;
    (B)    order a new trial; or
    (C)    direct entry of judgment as a matter of law[.]

The court, upon review of such a motion, considers the evidence in the light most favorable to the non-moving party, Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002), and may not substitute its view of the evidence for that of the jury, determine credibility, or weigh evidence. Translogic Technology, Inc. v. Hitachi, Ltd., 404 F.Supp.2d 1250, 1252 (D.Or. 2005). The purpose of this rule is not to take away from juries and give to judges any part of the exclusive power of juries to weigh evidence and determine contested fact issues. Berry v. United States, 312 U.S. 450 (1941).

Pursuant to FRCP 59(a):

A new trial may be granted to all or any of the parties and on all or part of the issues . . . in any action in which there has been a trial by jury, for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States[.]

One such basis for granting a new trial occurs when a court, in its conscientious opinion, believes that the verdict is clearly contrary to the weight of the evidence. Traver v. Meshriy, 627 F.2d 934, 940 (9th Cir. 1980). However, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Charles Alan Wright et al.,

2 - ORDER

Federal Practice and Procedure § 2803 (2d ed. 1995, Supp 2005).

## DISCUSSION

Plaintiff seeks judgment as a matter of law on the question of whether she was a "qualified individual with a disability" in relation to her disability discrimination claim. She also seeks a new trial on the basis that the jury's verdict on that issue was contrary to the weight of the evidence.

The Americans With Disabilities Act ("ADA") prohibits discrimination against a "qualified individual with a disability." 42 U.S.C. § 12112(a). To successfully establish a claim of disability discrimination, the plaintiff must prove (1) that she is a disabled person within the meaning of the ADA; (2) that she was a qualified individual; and (3) that her employer took an adverse employment action against her motivated, at least in part, by her disability. See Cooper v. Neiman Marcus Group, 125 F.3d 786, 790 (9th Cir. 1997); Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996). Plaintiff bears the burden of demonstrating each of these elements, including the element that she was a qualified individual. Cooper, 125 F.3d at 790; Kennedy, 90 F.3d at 1481. A qualified individual with a disability is defined by the ADA as "an individual who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Among the many issues raised by the parties before the trial in this matter commenced, plaintiff sought a ruling that she was a qualified individual as a matter of law. See Motion for Judgment on the Pleadings (#107). The court, during the January 5, 2006 pretrial conference, denied plaintiff's motion from the bench, noting that the issue was one for the jury to consider. Both parties moved for judgment as a matter of law[1] at the conclusion of the evidence, with plaintiff again

---

[1] Plaintiff's oral motion was characterized as a motion for a directed verdict.

3 - ORDER


arguing, inter alia, that she was a qualified individual as a matter of law. The court denied both motions, finding that the issues raised in the motions were properly before the jury. Transcript of March 14, 2006 Proceedings (#192) at 2-5. The jury commenced deliberations the following day. Shortly into their deliberations, the jury sent a note out to the court which stated:

> #1 Define - <u>Qualified Individual</u> under ADA Claim #1[.]
>
> #2 Does '<u>Was</u> plaintiff a 'qualified individual' under the ADA['] mean before April 2002 or after April 2002[?]"

(emphases in original). After meeting with the parties,[2] the court answered the note by re-reading the appropriate sections of the jury instructions, and informing them that she needed to be a qualified individual after April 2002.

The jury found for defendant on all claims. On the claim relevant to the motion before the court - plaintiff's disability discrimination claim - the jury found that plaintiff was a disabled individual under the ADA but that she was not a qualified individual under the ADA. Jury Verdict (#187) at 1-2. Because it found that she was not a qualified individual, it did not reach the remaining questions of that claim - i.e., whether plaintiff experienced an adverse employment action in which her disability was a motivating factor.

Plaintiff's renewed motion for judgment as a matter of law, and her motion for a new trial, are primarily centered around her assertion that the evidence presented in the case can only rationally support one conclusion on the question of whether plaintiff was a qualified individual after April

---

[2]The parties disagreed about the proper response to the jury's question, with defendant arguing that plaintiff needed to demonstrate that she remained at present a qualified individual, and plaintiff arguing that the court should inform the jury that she needed to be a qualified individual after April 2002 but did not need to be a qualified individual at present to prove her claim.

4 - ORDER

2002[3] - that she was. However, as the court implicitly noted in denying plaintiff's previous motions for judgment as a matter of law on this question, such is not the case. Although plaintiff accurately notes that she maintained the appropriate credentials, education and experience for the position, and consistently received "fully effective" evaluations (including her January 2003 evaluation), those facts alone do not establish as a matter of law that "with or without a reasonable accommodation, [she] can perform the essential functions of the employment position." Indeed, during the course of the trial, evidence was received that could allow a reasonable factfinder to conclude that after April 2002, plaintiff was not able to perform the essential functions of her employment positions. The jury heard about plaintiff's performance in her positions at the hospital from co-workers and supervisors. Although there were specific times when plaintiff was described as being "with it" and "enthusiastic" about work - particularly after her return from an extensive medical leave during which she underwent bariatric (weight-loss) surgery - there were also multiple descriptions of plaintiff being unfocused, not following through with tasks, and missing important meetings. Her former supervisor, Pamela Steinke, testified that plaintiff's "fully effective" score on her 2003 evaluation was a midrange score, and that one of the reasons Steinke removed plaintiff from her supervisory responsibilities over the intensive care unit was that she was not adequately performing that function. It was noted to the jury that plaintiff had left work suddenly on occasion, in an emotional state, and that on some of these occasions she was gone for significant periods of time.[4] A co-worker described finding plaintiff crying and essentially incapacitated in her office, and the CEO of the

---

[3] Plaintiff does not allege that any adverse employment actions resulting from her disability occurred prior to April 2002.

[4] However, the jury was also informed that plaintiff was permitted to leave work briefly to regain her composure if she needed to.

5 - ORDER

hospital related how he sent her home on a multi-day administrative leave to recover following that event. Importantly, plaintiff's own expert witness concluded that plaintiff, by the end of her employment, was totally disabled and unable to work - but could not specify a date certain upon which that inability to work commenced.[5] Indeed, plaintiff's counsel noted in its own argument that it was "probably a good idea" that plaintiff made the decision in October 2003 not to return to work. When one is totally disabled and not able to work, of course, they are no longer a "qualified individual" under the ADA. See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1112 (9th Cir. 2000) ("Title I unambiguously excludes totally disabled persons. . . . A 'qualified individual' is someone who 'can perform.'") (emphasis in original).

What plaintiff argues, therefore, on this question - a question on which she undeniably bears the burden of proof - is that even though her own expert found her to be totally disabled by October 2003 (a point conceded by counsel) but could not specify when this occurred, and even though there was substantial evidence that plaintiff was having difficulties with work after April 2002, both in meeting her responsibilities and in interacting with her co-workers and supervisors, nonetheless no reasonable jury could conclude as this jury did, i.e., that plaintiff was not a qualified individual under the ADA after April 2002. Given the evidence presented, this argument simply cannot stand. Plaintiff is not entitled to judgment as a matter of law on this issue, and the jury's verdict was not clearly contrary to the weight of the evidence.

Additionally, the court notes that there is nothing from the verdict form or the instructions

---

[5]Even if the expert had been able to opine as to when specifically plaintiff became totally disabled, of course, the jury would not have been bound by his opinion on that issue and could have, based on the evidence before it, found that she was no longer able to perform the essential functions of her job at an earlier date.

6 - ORDER

to the jury that supports plaintiff's contention that the jury was confused about the appropriate standards to use in considering each of plaintiff's separate claims. The claims were each labeled distinctly, both in the verdict form and in the instructions; they were numbered separately (Claim #1, Claim #2, Claim #3, Claim #4); and the verdict form specifically instructed the jury how to progress through the claims - instructions which they followed, as evidenced by the completed form. Further, there is no assertion that the substantive instructions on the appropriate standards provided to the jury were incorrect, and it is presumed that juries follow their instructions. See Richardson v. Marsh, 481 U.S. 200, 211 (1987). As such, plaintiff's contention that the jury was confused or misled is not well taken, and does not establish that she is entitled to a new trial.

### CONCLUSION

Plaintiff put her claims of discrimination, hostile work environment, retaliation, and breach of confidentiality to a fair and impartial jury that, after due deliberation, found against her on all claims. These findings are not so unreasonable, or clearly contrary to the weight of the evidence, as to warrant entry of judgment as a matter or law or the granting of a new trial. Similarly, there is no evidence that the jury was misled or confused as to the appropriate standards to use in considering plaintiff's claims. As such, plaintiff's motion (#190) for judgment as a matter or law and a new trial is denied.

DATED this 27 day of April, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - ORDER